UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**  
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

TO:     Counsel of Record

FROM:   Judge Peter J. Messitte

RE:     <u>Independent Order of Foresters v. Antoinette Green Snow, et al.</u>
        No. 24-cv-58

DATE:   July 24, 2024

\* \* \*

This interpleader action commenced on January 8, 2024, when the Independent Order of Foresters ("Foresters") filed a Complaint for Interpleader against the decedent David Snow's surviving spouse, Antoinette Green Snow ("Green Snow"), and the decedent's children, Taylor L. Snow, Talia D. Gale, and Dalan J. Snow (the "Snow Children").

On May 6, 2024, after several months passed with no substantive developments in the case, the Court issued a Paperless Notice requesting a Status Report from counsel for the parties (ECF No. 15). Foresters and Green Snow filed respective Status Reports (ECF Nos. 16, 17), in which they have articulated the basic contours of each party's position and the current status of the present dispute. The Snow Children did not file a Status Report.

Accordingly, the Court **ORDERS**:

1. Counsel for the Snow Children **SHALL**, within seven (7) days of this Order, file a Status Report with the Court indicating:

    a. The basic outlines of the position of each of the Snow Children; and

    b. Whether the Snow Children believe discovery will be necessary, as requested by Green Snow;

2. The Court additionally notes that counsel for Green Snow has stated that Jac Edward Knust, Esq., counsel for the Snow Children, has apparently refused to schedule depositions or otherwise let the case proceed;

    a. If this is an accurate depiction of Mr. Knust's behavior, the behavior would be unacceptable on its face. In any event, Mr. Knust **SHALL** explain in writing whether this is an accurate depiction of his position and, if so, the reasons for taking this position. The explanation **SHALL** also be submitted within seven (7) days;

    b. The Court further observes that Mr. Knust's failure to respond to the Court's earlier directive requesting that he file a Status Report is also unacceptable. Mr. Knust

    **SHALL** also, within seven (7) days, explain the reasons, if any, for his failure to do so;

3. To the extent that Green Snow's Status Report indicates consent for Forester to deposit the life insurance proceeds in the Registry of Court, the Court will **DENY** Forester's request to make the deposit for now because Green Snow also suggests that, although she is willing to allow Foresters to make a deposit of the disputed funds, Foresters may bear liability for some damage or another; Foresters **SHALL** therefore remain in this case until further notice of the Court; and

4. The Clerk of Court is **DIRECTED** to amend the case's docket to:
   a. Change the name of Defendant "L. Taylor Snow" to "Taylor L. Snow"; and
   b. Reflect the fact that Jac Edward Knust, Esq., represents all three Snow Children (Taylor L. Snow, Talia D. Gale, and Dalan J. Snow).

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                   _____
                   Peter J. Messitte
                  United States District Judge

CC: Court file
    Counsel of Record